UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **MICHAEL D. ROBB,** | * | |
| **Petitioner,** | * | |
| **v.** | * | **Civil Action No. GJH-19-536** |
| **WARDEN LAURA ARMSTEAD and** | * | |
| **THE ATTORNEY GENERAL OF THE** | | |
| **STATE OF MARYLAND,** | * | |
| **Respondents.** | * | |

\*\*\*

## <u>MEMORANDUM OPINION</u>

Self-represented Petitioner Michael D. Robb filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 14, 2019.  ECF No. 1.  Robb challenges the validity of his conviction and sentence after a jury in the Circuit Court for Montgomery County, Maryland found him guilty of attempted second-degree murder, armed robbery, conspiracy, and related offenses.  Respondents filed an Answer asserting that Robb's claims do not merit federal habeas relief and should thus be dismissed and denied with prejudice to refiling.  ECF No. 9.  Robb did not reply.

The court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).  For the reasons that follow, Robb's Petition is denied and dismissed, and a certificate of appealability will not issue.

## I.     BACKGROUND

Robb and a co-defendant were jointly tried before a jury in the Circuit Court for Montgomery County.  *See State v. Robb*, Case No. 126646C (Cir. Ct. for Montgomery Cnty.).  The State's evidence established that Robb and another individual, acting under the direction of Robb's co-defendant, twice robbed Sweeney Building Services.  Closing Arguments, ECF No. 9-15 at 286-304.  In the course of the robberies, two Sweeney employees, David Rollins and Betty Johnson, were shot but lived.  *See id.*  The evidence against Robb included the inculpating account of the getaway driver, eyewitness testimony identifying and tracking the getaway car after the second robbery, surveillance video after the second robbery showing Robb at Sweeney and fleeing on the DC Metro, as well as cell phone call-log and tower data.  *Id.*  On August 21, 2015, Robb, who represented himself at trial, was found guilty on multiple counts of attempted second-degree murder, armed robbery, conspiracy, and lesser related offenses.  Docket Entries, ECF No. 9-1 at 24.  On October 21, 2015, he was sentenced to a total of 70 years' incarceration.  *Id.* at 26.

After conviction but before sentencing, Robb prematurely filed a notice of appeal.  *Id.* at 25.  He did not, however, note an appeal from the actual judgment of conviction within 30 days after sentencing.  *See* Md. Rule 8-202(a) (mandating that a notice of appeal be filed within 30 days after the entry of final judgment).  As a result, the Court of Special Appeals of Maryland dismissed the direct-appeal proceedings initiated by the premature notice by order and mandate issued on February 24, 2016, and March 28, 2016, respectively.  *Robb v. State*, No. 1571, Sept. Term 2015 (Md. Ct. Spec. App. 2016), ECF No. 9-1 at 41.

On April 13, 2016, Robb filed a pro se petition for post-conviction relief in the Circuit Court for Baltimore County.  ECF No. 9-1 at 28.  He alleged that the State failed to bring him to trial within 180 days, in violation of *State v. Hicks*, 403 A.2d 356 (Md. 1979), and that the trial

court should not have granted the State's motion to withdraw the trial exhibits from his casefile without his consent. ECF No. 9-1 at 43-46. Robb supplemented his petition on March 8, 2017. *Id.* at 47-50. On May 2, 2017, after obtaining counsel, Robb filed a supplement arguing that he had been denied effective assistance of counsel in perfecting an appeal or, alternatively, that his pro se status should excuse his failure to note the appeal properly. *Id.* at 55-61.

Following a hearing on September 14, 2017, during which Robb withdrew all of his pro se post-conviction claims, the court denied Robb's petition by memorandum opinion and order entered on October 19, 2017. *Id.* at 70. Incorporating by reference the findings of facts and conclusions of law announced from the bench during the hearing, the post-conviction court concluded that there was no evidence that Robb sought, and was denied, the assistance of an appellate public defender, and that Robb's failure to perfect a proper appeal rested solely with him. ECF No. 9-17 at 28–34.

On November 17, 2017, Robb sought leave to appeal from the denial of post-conviction relief, arguing that his *Hicks* claim was not addressed. ECF No. 9-1 at 71-73. Robb also asserted that the post-conviction court ignored an unspecified violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that post-conviction counsel did not share her supplemental petition with Robb until the day of the hearing. *Id.* The Court of Special Appeals denied leave to appeal by summary opinion and mandate issued on March 9, 2018, and April 9, 2018, respectively, thus concluding all available appellate review. *Id.* at 74-76; *see* Md. Code Ann., Cts. & Jud. Proc. Art. § 12-202(1) ("A review by way of certiorari may not be granted by the Court of Appeals in a case or proceeding in which the Court of Special Appeals has denied or granted . . . [l]eave to prosecute an appeal in a post conviction proceeding"). Nonetheless, Robb attempted to petition the Court of Appeals for certiorari review, which it refused. *See* ECF No. 9-1 at 33.

While his post-conviction petition was pending in state court, Robb filed a pro se petition in the Circuit Court for Montgomery County on April 26, 2017, requesting DNA and fingerprint testing of the handgun the State introduced into evidence at trial. *Id.* at 53-54; *see generally* Md. Code Ann., Crim. Proc. Art. § 8-201 (providing for postconviction DNA testing under certain conditions), implemented by Md. Rules 4-701 to 4-711. In his petition, Robb referenced what he saw as the exculpatory value of Rollins's inability to identify him at trial. ECF No. 9-1 at 53. In a supplement filed on July 18, 2017, Robb summarily asserted that the prosecutors suppressed evidence in violation of *Brady*. *Id.* at 64.

Robb also filed a pro se petition for a writ of actual innocence on May 30, 2017. *Id.* at 62-64; *see generally* Md. Code Ann., Crim Proc. Art. § 8-301 (furnishing a writ of actual innocence), implemented by Md. Rule 4-332. He again alleged that the handgun was not, but should have been, tested for fingerprints and DNA. ECF No. 9-1 at 62. He also restated his claim concerning Rollins's trial testimony and referred to supposed alibi evidence that his family could supply. *Id.* at 62-63. Based on the docket entries, it is unclear whether the state circuit court has ruled on either the DNA-testing petition or the actual-innocence petition.

By his Petition for Writ of Habeas Corpus filed in this Court, Robb claims that he is being detained in state custody illegally.[1] ECF No. 1. First, he contends that his criminal case should have been dismissed because the State failed to bring him to trial within 180 days of defense counsel's entry of appearance pursuant to *Hicks*. *Id.* at 2. Second, Robb claims that the State violated *Brady* because it presented a handgun into evidence "with there being no record of any

---

[1] Robb is presently incarcerated at Patuxent Institution, where the current warden is Laura Armstead. Therefore, the Clerk will be directed to amend the docket to name the proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (stating that "in habeas challenges to present physical confinement . . . the proper respondent is the warden of the facility where the prisoner is being held").

finger printing or DNA swabbing having been conducted." *Id.* Third, Robb notes that Rollins, one of the victims of the shooting, testified that "the person that shot him was not in the Court that day." *Id.* Lastly, Robb claims that the circuit court erred in granting the State's motion to withdraw trial exhibits, noting that "[t]he State removed exhibits without the consent of the defendant." *Id.*

## II.   STANDARD OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("Act"), sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447, 455 (2005). In order to obtain relief on his claims, a petitioner must show that the adjudication of such claims at the state court level:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Act further provides that:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

§ 2254(e)(1).

A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court's]." *Williams v.*

*Taylor*, 529 U.S. 362, 405 (2000) (citation omitted).  Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* (emphasis and citation omitted).

## III.   DISCUSSION

### A.  *Hicks* Claim

Robb first claims that the State violated his right to a speedy trial.  Indeed, Maryland law requires that the prosecution bring a defendant to trial within 180 days of the appointment of counsel or the appearance of counsel unless a postponement for good cause shown is granted by the trial court.  *See* Md. Rule 4-271(a)(1).  Although the Sixth Amendment to the United States Constitution provides that a criminal accused enjoys the right to a speedy trial, Maryland's statutory mandate to try the criminally accused within 180 days does not implicate the Sixth Amendment.  *See Vance v. Bishop*, Civil Action No. ELH-18-133, 2020 WL 2732075, at *9 (D. Md. May 22, 2020), *appeal dismissed and remanded on other grounds*, 827 F. App'x 333 (4th Cir. 2020); *see also Hicks*, 403 A.2d 356 at 361-62 (explaining that Maryland intended to provide additional statutory rights beyond the minimum threshold established by the Sixth Amendment).  Thus, even assuming that the alleged *Hicks* violation occurred in Robb's case, it is not a cognizable claim for federal habeas corpus relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").  This claim is therefore subject to dismissal.

### B. *Brady* Claim

Next, Robb claims that the State violated *Brady* because prosecutors introduced a handgun into evidence at trial without testing it for fingerprints or DNA.  "The *Brady* rule is based on the requirement of due process.  Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur." *United States v. Bagley*, 473 U.S. 667, 675 (1985).  Pursuant to *Brady*, 373 U.S. at 87, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment."  To prevail on a *Brady* claim, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."  *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Here, Robb does not allege that the State possessed any fingerprinting or DNA evidence that was favorable to him, much less that such evidence was withheld from the defense.  As Respondents correctly note, "*Brady* does not require the Government to investigate the defense's theory of the case or create evidence that might be helpful to the defense. . . . The Government is only obligated to disclose favorable evidence in its possession."  *United States v. Makarita*, 576 Fed. App'x. 252, 262 (4th Cir. 2014); *see also United States v. Sukumolachan*, 610 F.2d 685, 687 (9th Cir. 1980) ("*Brady* . . . does not require the government to create exculpatory material that does not exist.").  Because Robb does not allege that the State suppressed evidence favorable to him, he has not properly pleaded a *Brady* claim.  *See* Habeas Rule 2(c); *Adams v. Armontrout*, 897 F.2d 332, 334  (8th Cir. 1990) ("a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified") (emphasis added).  Accordingly, this claim shall be denied.

### C.  Actual Innocence

Construed liberally, Robb's third claim, based on Rollins's testimony that "the person that shot him was not in the Court," alleges actual innocence.  ECF No. 1 at 2.  While a federal habeas petitioner may assert a claim of actual innocence to overcome a procedural bar to review, *Schlup v. Delo,* 513 U.S. 298, 326 (1995), or to overcome the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations, *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013), the Supreme Court has not resolved whether a non-capital prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence, *McQuiggin*, 569 U.S. 392.  The United States Court of Appeals for the Fourth Circuit has stated:

> Claims of actual innocence, whether presented as freestanding ones, or merely as gateways to excuse a procedural default, should not be granted casually.  The Supreme Court recently emphasized "the narrow scope" of this type of claim.  The claim "must be based on reliable evidence not presented at trial."  A reviewing court must evaluate the new evidence alongside any other admissible evidence of the defendant's guilt, and may grant relief only where "a constitutional violation has probably resulted in the conviction of one who is actually innocent."

*Wilson v. Greene*, 155 F.3d 396, 404-05 (4th Cir. 1998) (internal citations omitted).

 "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  *Schlup*, 513 U.S. at 315-17.  New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence."  *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999) (citation omitted).  The new evidence must be evaluated with any other admissible evidence of guilt, *Wilson*, 155 F.3d at 404-05, and it must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence, *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999).

Here, Robb's claim is based on testimony that was presented at trial; it was not "new evidence." As such, it is not sufficient to satisfy *Schlup*'s actual innocence gateway.

### D.  Trial Court Error

Robb's final claim is that the circuit court erred in granting the State's motion to withdraw trial exhibits from his criminal case. As Respondents correctly note, no federal basis for this claim is discernable. *See* ECF No. 9 at 18.

Even if Robb presents a federal issue, however, he failed to exhaust this claim and is now procedurally barred from presenting it in state court. A petitioner seeking habeas relief in federal court generally must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c). For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. Art. §§ 12-201, 12-301 (LexisNexis 2020). To exhaust a claim through post-conviction proceedings, a defendant must assert the claim in a petition filed in the Circuit Court in which the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. Art. §§ 7-101–7-103. After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Court of Special Appeals. *Id.* § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. Art. § 12-202.

Here, Robb presented this claim in his pro se petition for post-conviction but withdrew it during the post-conviction hearing. When a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether by failing to raise the claim on direct appeal or in post-conviction proceedings, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note a timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise a claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (per curiam) (failure to raise a claim during post-conviction proceedings). As relevant here, a procedural default occurs when a habeas petitioner fails to exhaust such available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman*, 501 U.S. at 735 n.1).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) cause for both the default and prejudice that would result from failing to consider the claim on the merits; or (2) that the failure to consider the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. Where Robb has provided no basis for excusing his procedural default, his claim will be denied and dismissed.

### E. CONCLUSION

The Petition for habeas corpus relief will be denied and dismissed. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by

demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because Robb fails to satisfy this standard, the Court declines to issue a certificate of appealability.

A separate Order follows.

__January 22, 2022__
Date

____/s/_____

GEORGE J. HAZEL
United States District Judge